IN THE UNITED STATES DISTRICT COURT
FEDERAL DISTRICT COURT NORTHERN DISTRICT OF OHIO

Twilliams El Bey
Tmcclain El Bey
TYRONE WILLIAMS ©
3500 LAKESIDE E
CLEVELAND OHIO [44114}
Plaintiff

V

VELOCITY INVESTMENTS LLC
CKS FINANCIAL
WEB BANK
PROSPER MARKET PLACE INC
PROSPER FUNDING LLC

P.O. BOX 2856
CHESAPEAKE, VA 23327-2856

DEFENDANT

FEDERAL DISTRICT COURT
case No **1:24 CV 01990**

Judge **JUDGE GAUGHAN**
**MAG JUDGE ARMSTRONG**

Complaint AND ~~EMERGENCY MOTION TO STAY COUNTER CLIM~~ Claim

FILED
NOV 14 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Complaint AND Claim
~~Emergency Motion to Stay and Counter Claim~~

COMES NOW, TWilliams El Bey Ex Rel., authorized representative (pursuant to UCC 3-402), subrogee, implied surety, trustee, Beneficiary, and Next Friend; and consul TMcClain El Bey Ex Rel trustee, realtor, Per Proc and Chief Ambassador making a Restrictive Special Visitation in Proper Persons for and on behave of the corporate fiction known as TYRONE WILLIAMS © and hereafter referred to as 'Implied Surety'. Implied Surety grant names by special deposit to the court for future return on Implied Surety interest.

Implied Surety is a Private American National (Pursuant To 8 U.S Code 1401), a living soul and Secured Party Investor with the ability to speak, move and breathe on His own free will granted by God. Foreign to the U.S Corporation, Implied Surety walks in accordance with God's Law, the supreme law of the land and directives that comes from heaven, as Implied Surety is an ambassador for The Christ. Implied Surety claims his inalienable rights to Equitable Subrogation.

FEDERAL DISTRICT COURT NORTHERN DISTRICT

Implied Surety is not an attorney, has never claimed to be an attorney and does not seek to debate or argue points of statutory code, codified under Article 1 Section 8 Clause 17 of the U.S. Constitution's 14th Amendment. Implied Surety is a Private American National, not a corporate fiction, not any non-living entity and not the debtor, bebitor, or employee. Nor does Implied Surety have any Debitum as defined in Blacks Law Dictionary 4th Addition (1891).

Implied Surety/ Private Secured Party Investor is the creditor and maintain the rights of the creditor as the True Holder in Due Course in any commercial note/security the Implied Surety is the Signatory on. Debitorum pactionibus creditorum petitio nec tolli nec minui potest. 1 Poth. Obl. 108; Broom, Max. 697, Bart. Max. 115. "The rights of creditors can neither be taken away nor diminished by agreements among (or of) the debtors". Implied Surety / Signatory's notes or securities are always an entry as a credit on the right side of bank ledger. Implied Surety is the true Holder in Due Course for any note/ negotiable instrument his autograph or signature is affixed to (UCC 3-302). Implied Surety is not subject to statutory codes or color of law. An administrative kangaroo / mock court does not have jurisdiction over Implied Surety.

Multiple financial institutions/DEFENDANTS supported by An administrative kangaroo / mock court and its agents have violated constitutional law, SEC rules, IRS regulations and GAAP accounting rules.

Therefore, Implied surety is seeking:

1. Emergency Motion to Stay on an unlawful wage garnishment.
2. An immediate halt to all collection activity against Implied Surety
3. Full disclosure on all chattels gained from the negotiations, sale, trade, and interest earned on the note/security Implied Surety is the Signatory

4. A counter claim against each financial institution/DEFENDANTS for one-million five hundred sixteen thousand dollars ($1,516,000) per DEFENDANT. Totaling $7,580,000

Administrative appeals mock court last ruling:

This was the final unfair and non-bias judgment that forced Implied Surety to take this case out of an administrative process to an actual judicial Article III court. The ruling was made by an administrative kangaroo / mock appeals court. Agents/ administrator Kathleen Ann Keough and concurred by administrator Eilleen A. Gallagher, and signed by administrator Emanuelia D Groves Sua sponte, dismissal of appeal because the "appellant did not comply with service of the brief, as required by App.R. 13(B)". Journal entry rendered on September 18, 2024 (Exhibit A).

Case Law:

The Supreme Court in Hilton v. Bruamskill established the criteria for issuing an emergency stay pending appeal / judicial review, which have been echoed and applied in various cases across different jurisdictions, including the Sixth Circuit, which encompasses Ohio. These criteria include:

(1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;
(4) where the public interest lies.

Criteria Confirmed:

FEDERAL DISTRICT COURT NORTHERN DISTRICT

1. Whether the stay applicant has made a strong showing that they are likely to succeed on the merits:

Confirmations of criteria: In administrative kangaroo /mock court pleas CV-23-989964

   a. The original complaint was file December 13, 2023 (Exhibit B)

      i. financial institution/DEFENDANTS claims to have acquired for consideration all rights title and interest from Web Bank yet they provided to delegation of authority nor any other written proof of this aquation. A copy of a Truth in lending Disclosure statement is not valid proof of any acquisition.

      ii. financial institution/DEFENDANTS claims there is $22,257.08 due, without providing a full accounting ledger nor any other details to valid this or any other amount.

      iii. financial institution/DEFENDANTS 's "Exhibit A" is said to be a copy "written agreement". Upon review of this "written agreement" all spaces are blank / has no information. No Loan ID, no borrower address, no principal sum, no terms and no signature. Promissory Note/Security says there is an "electronic signature" yet provides no proof of any signatory.

         1. This lack of relevant evidence and blank spaces should have at minimum been questioned by the administrators of the kangaroo mock

      iv. With the lack of completed information provided and the fact that these are clearly copies documents makes that this promissory note/ security and the TLDS statement hearsay and not admissible or enforceable commercial contract.

      v. Even if a note / security was presented with Implied Surety as Signatory than Implies Surety would be the creditor. An

  unsigned note cannot be added to financial institutions' / DEFENDANTS GAAP regulated accounting ledger as a credit. If and only If Implied Surety as Secured party / investor signs than there becomes a valid note/security that financial institution/DEFENDANT may trade, sale and gain interest from.

 vi. Financial institution / DEFENDANT violated Security Exchange Commission (SEC) DODD Frank ACT which requires financial institutions / DEFENDANT to be accountable and transparent to their investor / Implied Surety. Financial Institution / DEFENDANT must give an account to Investor / Implied Surety / Secured Party Investor. Financial institution / DEFENDANTs gave no sure report and even when full accounting was requested, financial Institution / DEFENDANT were silent and never honored the request. Then was further protected by administrators / kangaroo/ mock court and its agents.

 vii. Financial institution / DEFENDANTS may have also violated the Volcker Rule. Section 13 of the Bank Holding Company Act of 1956.

  1. A full audit of the financial ledgers of the asset/note/security created by Implied Surety must be completed to reveal these findings.

 viii. Implied Surety is the Creditor, true Holder in Due Course and beneficiary. Implied Surety is entitled to all chattel earned from the sale, transfer, and trading of this note/security

b. Financial institution / DEFENDANTS was very lax and inconsistent with the original pleading. So much so that after over 3 months have

passed by, on 3/11/24 the administer / mock court agent posted a journal entry requiring the financial institution / DEFENDANTs to file a default judgment, a notice of intent or have the case dismissed for failure to prosecute. (Exhibit C)

    i. A default judgement is what is filed if a party does not reply.

c. Next Few filings go as follows

    i. 3/22/24 Financial Institution/DEFENTANTs file a motion for default and a military Affidavit. (Exhibit E and Exhibit F)

        1. NOTE: Neither filing, Exhibit E / motions for default judgment nor Exhibit F Military Affidavit had a certificate of service attached violating Ohio Administrative Code Rule 4901-1-05 and Ohio Civil Rule 5.

    ii. 3/26/24 Implied Surety Filed a Quo Warrento. Questioning "By What Authority" financial institution/DEFENDANTs hold this position as a creditor. A copy of the company charter and the original note since the ones filed were had only blanks

    iii. 4/11/24 The administrator JENNIFER O'DONNELL filed another journal Entry stating that the court will hear financial institutions / DEFENDANTS' motion for default judgment on 5/3/24 and further stated that a response must be given by 4/26/24 or default judgment will go unopposed. (Exhibit D). Administrated completely ignored Implied Surety's Quo Warrento.

    iv. 4/11/24 Implied Surety filed to more filings

        1. A request for "FULL ACCOUNTING AND FINANCIAL DISCLOSURE"

        2. A "DEMAND FOR DELEGATION OF AUTHORITY"

3. Debt validation pursuant to 15 USC 1692g

v. All Implied Surety's filings were ignored by administrator JENNIFER O'DONNELL. Financial Institution was never required to provide any additional information though it was requested.

d. Administrator JENNIFER O'DONNELL award a judgement (Exhibit G) a judgement to financial institution / DEFENDANT without having all of the facts imperative for a fair and unbiased proceeding, utilizing documents that were not signed with blank spaces, without having proper services requirements on financial institution / DEFENDANT filings and ignoring all of Implied Surety formally filed request. Even though Implied Surety clearly responded and filed on the docket, administrator JENNIFER O'DONNELL, on 5/7/24 awarded a default judgment to the financial institution / DEFENDANTs essentially saying that Implied Surety was completely absent from the proceeding.

e. Though Ohio Law gives 30 days to appeal an administrative kangaroo /mock court ruling, financial institution / DEFENDANTS filed a judgment lien (JL-24-220145)on 6/04/24 violating rule OHIO APPELLATE RULE 4:

  i. Implead Surety filed a motion to dismiss and a motion to remove yet administrator BRENDAN J SHEEHAN denied both motions (Exhibit H)

f. Several administrators in the kangaroo / mock court unlawfully ignored Implied Surety lawful request for debt validation pursuant to 15 USC 1692g

g. Financial institution / DEFENDANTs are running "ultra vires". More specifically, Financial Institution / DEFENDANTs are acting beyond their chartered authority under the civilian organic Constitution of the United State of America.
   i. Financial institution / DEFENDANTs must show their corporate charter, giving them this type of authority.

Confirmations of criteria: In administrative kangaroo /mock court of appeals CA-24-114021

h. Implied Surety filed an appeal to the May 7th, 2024, submitted by Implied Surety on June 6, 2024
   i. Implied Surety also filed a Affidavit of Indigency, PRAECIPE AND DOCKETING STATEMENT and were clearly documented on the case file on 06/06/24. The clerk will not even allow a case to be submitted without the property payment or affidavit of indigency, yet the administrator Kathleen Ann Keough requested this document in every pursuing journal entry she filed. Along with a treat to dismiss case. (Exhibit J)
i. <u>No electronic notice was ever sent regarding administrator journal entries this entire proceeding</u>. Though Implied Surety is registered to file electronically, somehow no email was sent.
   i. Instead of Emails, only post cards were being mailed out to an address was not taking Implied Surety's mail properly. All administrators post cards were being returned. (Exhibit K)
j. Ohio Rule of Superintendence 27, which governs the operation of electronic filing states that the administrative judge and/or court clerk are required to record journal entries electronically so an

    emailed notice will be sent to all parties.

k. Appellate Rule 13.1, all filings in an appeal or original proceeding are submitted electronically unless specific exceptions apply.

l. The administrator Kathleen Ann Keough and the kangaroo / mock court violated state and appellate Rules.

m. The postcard notice from the administrator Kathleen Ann Keough was returned undelivered on June 20, 2024. This was the 1st of many notices that were returned and neither the mock court / administrative tribunal / kangaroo court nor any other felt it was important to e-file or give any additional effort to make Implied Surety aware of any important and / or detrimental finding of the court. (Exhibit K)

n. Implied Surety believe that the mock/kangaroo court and the administrator Kathleen Ann Keough made an unfair, biased, and calculated decision not to allow Journal Entries to register electronically.

o. Implied Surety filed Brief in the Appeals tribunal on July 7, 2024.

p. On July 8, 2024, the administrator Kathleen Ann Keough input another journal entry amending the record and stated that the appellee's brief is due on July 29, 2024 (Exhibit L)

q. 3 additional postcards were sent and was returned undeliverable.

r. The administrative mock court and the administrator Kathleen Ann Keough still made no additional efforts to make Implied surety aware of any important or detrimental findings or needs of the court/tribunal.

s. In addition, Post cards still referencing and threating dismissal without an Affidavit of indigency or $175 payment that we confirmed submitted. (Exhibit M) even though Affidavit of

Indigency was filed.

t. Ohio Rule of Superintendence 27, which governs the operation of electronic filing, the administrative judge or court clerk are required to records journal entries electronically so an emailed notice will be sent to all parties.

u. Appellate Rule 13.1, all filings in an appeal or original proceeding are submitted electronically unless specific exceptions apply.

v. the administrator Kathleen Ann Keough violated state and appellate Rules.

w. On August 26, 2024, a full month after appellee brief was due and never filed, the administrator Kathleen Ann Keough, via the same failed postcard mailing process for her journal entries, inputted a requirement for Implied Surety to file a "certificate of service" stating how, when, and to whom he served his brief on appellee. The failure to file a certificate of service may result in the dismissal of the appeal. Notice issued. (Exhibit N)

x. Though Ohio App. R. 13(B) requires a certificate of Service Page, App. R 18(A) requires that an appellee reply brief must be submitted within 30 days of appellant's brief. administrator Kathleen Ann Keough focused on the filing mistake of a Sui Jurist petitioner and allowed a multiple attorney corporate multi-million bank violate Ohio Appellate rules.

   i. 2nd, <u>If this rule holds precedence, Financial Institution / DEFENDNTS case should have been dismissed for the same r violation on the lower court case.</u> Violating Administrative Code Rule 4901-1-05 and Ohio Civil Rule 5 is the same standard as violating App.R. 13(B).See (Exhibit E and F)

y. Federal Law - Consumer Credit Protection Act (CCPA):

FEDERAL DISTRICT COURT NORTHERN DISTRICT

      i. A notice of garnishment is required, which informs the debtor of the impending garnishment and provides information on their rights and possible exemptions.

          1. No notice was given to Implied Surety about garnishment.

      ii. No notice was given, nor was any information given to Implied Surety about my rights.

      iii. Implied was not given the opportunity to reply to over defend any such garnishment because no notice was given

z. Implied Surety has a UCC 1 lien filed already against all earnings and possessions (Exhibit O) FS File #: OH 00275851862 Date Filed: 12 September 2023 17:05:48.

      i. First in line first in time rules apply.

      ii. This superior lien activates if any other subordinate lien comes due and Implied Surety home will be foreclosed

aa. Implied Surety is a Primary Benefactor for Gift2U 501c3. A non-profit organization and ministry that Implied Surety is devoted and dedicated to.

bb. Implied Surety has two children in college that garnishment has cause

cc. Presentment of tender for discharge and set-off was sent via certified mail #7014 2120 0003 0678 2531

2. whether the applicant will be irreparably injured absent a stay

Answer:

    a. Implied Surety has two children in college.

    b. Financial institution/ DEFENDANT is unlawfully garnishing $1,600 a month from Implied Surety's income, while never validating debt, and

    not being the 1st lien filed, this can cause Implied Surety's private home to be forclossed.

  c. Financial institution/ DEFENDANT supplied no notice to Implied Surety's of garnishment causing Implied Surety renege on UCC-1 requirements

  d. Implied Surety donates all extra earning to church / non-profit

      a. Church / non-profit is damaged because of Appellee negligence

3. whether issuance of the stay will substantially injure the other parties interested in the proceeding:

  a. Financial institution/ DEFENDANT / Velocity is the accounts receivable arm of Prosper Funding LLC (CIK # 0001542574/ EIN 73-1733867) Operated by Proper Market Place Inc (CIK # 0001416265 /EIN-45-4526070) who has the platform for Web Bank Lending (cik # EIN. Not found) are all multi-million dollar corporations

  b. Financial institution/ DEFENDANT trade, sale and gain interest from the securities market without any disclosure to their clients.

4. where the public interest lies.

  a. Appellant is a private Secured party investor whose note/signature is the credit on Financial institution/ DEFENDANT ledger. Without Appellants signature there is no credit / note/ security. If this alleged debt is invalid, have violated the Dodd Frank Act's, Volcker rule, or violated IRS, GAAP accounting rules and Velocity have been granted a judgement without following federal Fair Debt Collections regulations it would set a precedence that banks will be able to

  unlawfully take funds from consumers without any checks and balances.

 b. This Financial institution/ DEFENDANT /Prosper Market Place is showing as a charge off on Implied Surety's credit report (Exhibit P). When there is a charge- off a1099C (the debt is discharged) (Exhibit Q )must be filed with the IRS from financial institution/ DEFENDANT y/Prosper Market Place Inc tax benefit eliminating them from having the right to collect.

### Claim

\* Implied Surety seeks to recover 1,000% of the funds unlawfully taken from Implied Surety wages. $16,000

\* $250,000 per accordance for defamation of character. For every time a collections / creditor affected wages = $500,000

\* $500,000 in emotional damages, potential contract loss anxiety and stress

\* $500,000 for all chattel earned from note/security

Implied Surety is seeking $1,516,000 per commercial financial institution named in complaint totaling $7,580,000

Respectfully submitted,

SUI JURIS
  I <u>TWilliams ex Relatione and authorized user, TMcClain ex Relatione and authorized user</u>, RESERVE ALL OF THE FUNDAMENTAL FREEDOMS AND PRIVATE AMERICAN RIGHTS OF EVERY LIVING HUMAN BEING UPON THIS EARTH. I NOW AFFIX MY AUTOGRAPH. EXPLICIT RESEREVATION OF ALL MY UN-A-LIENABLE RIGHTS, RESERVED WITHOUT PREJUDICE AND WITHOUT DISHONOR TO MY SPECIFIC COMMON LAW RIGHTS NOT TO BE BOUND BY ANY CONTRACT OR OBLIGATION, WHICH I HAVE NOT ENTERED INTO KNOWINGLY, WILLINING, VOLUNTARILY, AND WITHOUT MISREPRESENTATION, THREAT, DURESS, OR COERCION.

WE ARE FOR LOVE, TRUTH PEACE AND FREEDOM. NOTICE TO AGENT IS NOTICE TO PRINCIPAL NOTICE TO PRICIPAL IS NOTICE TO AGENT,

FEDERAL DISTRICT COURT NORTHERN DISTRICT

RESPECTFULLY SUMITTED,

Twilliams el bey and tmcclain Ex Relatione / Authorized user (Pursuant to UCC 3-402)
In Propria Persona Sui Juris All Rights Reserved, Preserved & Observed Without Prejudice U.C.C. 1-308/1-103.

By:/s/ _____/TWilliams El Bey/  
TWilliams ex Relatione and authorized user  
Subrogee, implied surety In Proper Person  
on behave Defendant/Primary Debtor  
~~4600 Euclid Ave. Suite 104~~ 3500 Lakes'D E  
Cleveland, Ohio ~~44103~~ [44114]  
All Rights Reserved Without Prejudice  
UCC 1-308 / UCC 1-103  

(216) 645-5188

By:/s/ /TMcclain El Bey/  
TMcClain ex Relatione and authorized user  
Subrogee, implied surety In Proper Person  
on behave Defendant/Primary Debtor  
~~4600 Euclid Ave. Suite 104~~ 3500 Lakeside E  
Cleveland, Ohio ~~44103~~ [44114]  
All Rights Reserved Without Prejudice  
UCC 1-308 / UCC 1-103  

(440)-678-8389

™ **TAM TRUST TTEE** ©, Secured Party and Surety c/o 1448 E 116 Cleveland, Ohio [44116] Republic United States zip code exempt (DMM 122.32) Continental America Authorized

FEDERAL DISTRICT COURT NORTHERN DISTRICT

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been sent via E-Filing to:

PROSPER MARKET PLACE
221 MAIN ST STE 300
SAN FRANCISCO, CA 94105-1909
(866) 615-6319

AND

VELOCITY INVESTMENTS LLC
P.O. BOX 2856
CHESAPEAKE, VA 23327-2856

AND

PROSPER FUNDING LLC
221 MAIN ST STE 300
SAN FRANCISCO, CA 94105-1909
(866) 615-6319

AND

WEB BANK
215 SOUTH STATE STREET
SALT, LAKE CITY, UT 84111

AND

CKS FINANCIAL
P.O. BOX 2856
CHESAPEAKE, VA 23327-2856

By:/s/ _____/TWilliams El Bey/_____
TWilliams ex Relatione and authorized user
Subrogee, implied surety In Proper Person
on behave Defendant/Primary Debtor
4600 Euclid Ave. Suite 104
Cleveland, Ohio 44103
All Rights Reserved Without Prejudice
UCC 1-308 / UCC 1-103

By:/s/ /TMcclain El Bey/
TMcClain ex Relatione and authorized user
Subrogee, implied surety In Proper Person
on behave Defendant/Primary Debtor
4600 Euclid Ave. Suite 104
Cleveland, Ohio 44103
All Rights Reserved Without Prejudice
UCC 1-308 / UCC 1-103