## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TWILLIAMS EL BEY, *et al.*, | ) | Case No. 1:24-cv-1990 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| VELOCITY INVESTMENTS LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff, identifying himself variously as Tyrone Williams, "TWilliams El Bey," and "TMcClain El Bey," filed a *pro se* complaint in this case against Velocity Investments LLC, CKS Financial, Web Bank, and Prosper Market Place Inc. (ECF No. 1.)

From Plaintiff's pleading, the Court is able to determine that his action pertains to a $22,257.08 default judgment entered against him in a State court case that Velocity Investments brought for breach of a consumer loan agreement Plaintiff entered into with Web Bank. (*See* ECF No. 1-7; *Velocity Investments, LLC v. Tyrone Williams*, CV2989964 (Cuy. Cnty. Ct. Com. Pls. May 7, 2024 Judgment Entry).) Plaintiff's complaint, however, is otherwise virtually incomprehensible and fails to set forth cogent factual allegations and legal claims against each Defendant. Instead, his complaint consists of an amalgam of incomprehensible and nonsensical legal assertions and claims apparently challenging the validity of the consumer loan

agreement at issue in the State case and the propriety of the State court's judgment against him. He employs various terms from the Uniform Commercial Code throughout his pleading; refers to himself as an "Implied Surety," "Private Secured Party Investor," and "[t]rue Holder in Due Course for any note/negotiable instrument his autograph or signature is affixed to"; and states that he "claims his inalienable rights to Equitable Subrogation." (ECF No. 1, PageID #1, #2.) In addition, he states that he is "not subject to statutory codes or color of law"; that "[a]n administrative kangaroo/mock court does not have jurisdiction" over him; and that "[m]ultiple financial institutions/DEFENDANTS supported by [a]n administrative kangaroo/mock court and its agents have violated constitutional law, SEC rules, IRS regulations and GAAP accounting rules." (*Id.*, PageID # 2.) His complaint does not set forth cogent allegations supporting these naked assertions.

The relief Plaintiff seeks is also unclear. He seeks damages ("$1,516,000 per commercial financial institution named in complaint totaling $7,580,000"), as well as an "Emergency Motion to Stay an unlawful wage garnishment," "an immediate halt to all collection activity against [him]," and "[f]ull disclosure on all chattels gained from the negotiations, sale, trade, and interest earned on the note/security Implied Surety is the Signatory." (*Id.*, PageID #2–-3, PageID #13.)

Plaintiff did not pay the filing fee in the case. Instead, he filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** that motion although it does not appear that Plaintiff sincerely attempted to completely fill out his form application. Plaintiff answered "0" or left a blank in response to virtually

2

every question on the form regarding his income and expenses (despite explicit instructions on the form not to "leave any blanks") and simply generally represents that his housing expenses are covered by a church where he is a "minister/chief pastor." (ECF No. 2, ¶ 14, PageID #61.)

## ANALYSIS

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits, *see e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Under 28 U.S.C. § 1915(e)(2)(B), a federal court must review all complaints filed *in forma pauperis* and dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470–71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for motions to dismiss under Rule 12(b)(6) governs dismissals for failure to state a claim under

Section 1915(e)(2)(B)).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*

Moreover, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case.  *See* Fed. R. Civ. P. 12(h)(3). A federal district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to Section 1915(e)(2)(B) and based on *Apple*, 183 F.3d at 479.  The statements and claims set forth in Plaintiff's pleading are so incomprehensible, unsubstantial, incoherent, and frivolous that they do not provide a basis to establish that the Court has subject-matter jurisdiction in the case over any plausible federal claim, against any Defendant.  *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).  To the extent Plaintiff's pleading can be deciphered, it is "based on legal theories that are indisputably meritless."  *Abner v. SBC (Ameritech)*, 86 F. App'x 958,

958 (6th Cir. 2004) ("A complaint lacks an arguable or rational basis in law if it is based on legal theories that are indisputably meritless.") (citation omitted).

Further, whatever Plaintiff's claims are, they arise form a State court judgment where his complaint is best directed. The Court has no jurisdiction to review the propriety of that judgment. And any claims he is asserting for which he seeks damages or other relief contesting his obligations under the loan agreement are barred by *res judicata*, which precludes "parties from contesting matters that they have had a full and fair opportunity to litigate." *Montana v. U.S.*, 440 U.S. 147, 153-54 (1979). Under Ohio law, the concept of *res judicata* not only precludes the re-litigation of the same cause as between parties to an earlier action, its "collateral estoppel" aspect precludes parties from re-litigating legal or factual issues in a second lawsuit that were the general subject of the first action even though the second action presents a different cause of action. *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519–20 (6th Cir. 2011); *see also National Amusements, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62, 558 N.E.2d 1178 (1990) (an existing final judgment on the merits is conclusive as to all claims which were or might have been litigated in the first lawsuit).

Collateral estoppel applies where there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the

transaction or occurrence that was the subject matter of the previous action. *Ohio ex rel. Boggs*, 655 F.3d at 520.

These elements are present here. A State court entered a default judgment against Plaintiff regarding his obligation to pay under a loan agreement. A default judgment is a valid and final judgment on the merits for purposes of *res judicata*. *Forgues v. Select Portfolio Servicing*, No. 1:15-CV-1670, 2015 WL 8272596, at *3 (N.D. Ohio Dec. 8, 2015). The State litigation involved the same parties or their privies as this action; both actions concern the same subject matter; and any objections or defenses Plaintiff had regarding his obligation under the loan agreement could and should have been raised in the State court proceeding. *See Johnson's Island, Inc. v. Board of Tp. Trs. of Danbury Tp.*, 69 Ohio St.2d 241, 245–46, 431 N.E.2d 672, 675, (Ohio 1982) (a defendant who fails to raise a defense in the first action is barred from raising it in a later action).

Accordingly, Plaintiff's claims warrant dismissal. *See Evans v. Franklin Cnty. Ct. of Com. Pls., Div. of Domestic Relations*, 66 F. App'x 586, 588 (6th Cir. 2003) (upholding dismissal of action directed to State court procedures and specific acts and decisions of a duly constituted Ohio domestic relations court).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Court's authority established in *Apple v. Glenn*, 183 F.3d 477

(6th Cir. 1999).  Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES**

that an appeal from this decision could not be taken in good faith.

       **SO ORDERED.**

Dated:  February 22, 2025

                       J. Philip Calabrese
                       United States District Judge
                       Northern District of Ohio